UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYAIRRA A. MURRAY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GOLDEN GATE BRIDGE, HIGHWAY & TRANSPORTATION,<br><br>　　　　Defendant. | Case No. 4:25-cv-08067-KAW<br><br>**ORDER GRANTING IN FORMA PAUPERIS APPLICATION; SCREENING ORDER REVIEWING PLAINTIFF'S COMPLAINT**<br><br>Re: Dkt. Nos. 1, 6 |

On September 23, 2025, Plaintiff Keyairra A. Murray filed this civil action and application to proceed *in forma pauperis*. Plaintiff's initial IFP application was denied without prejudice, and she filed an amended IFP application on October 20, 2025. (Dkt. No. 6.) Having considered the application, the Court GRANTS Plaintiff's application to proceed *in forma pauperis*. The Court now screens Plaintiff's complaint pursuant to 28 U.S.C. § 1915, and, for the reasons set forth below, concludes that the operative complaint is deficient.

### I.　LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

A complaint may also be dismissed for failure to state a claim, because Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint, therefore, must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted). Upon dismissal, pro se plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## II.  DISCUSSION

As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state." *Id.*

Here, Plaintiff alleges that she was subjected to race-based employment discrimination pursuant to Title VII of the Civil Rights Act and the California Fair Employment and Housing Act. (Compl., Dkt. No. 1 ¶¶ 1, 6.) Plaintiff, however, does not provide much in the way of facts,

2

1  and she forgot to include her date of hire in the designated location on her complaint. (*See* Compl.
2  ¶ 8.) Also, instead of providing concrete examples of the discriminatory conduct in question,
3  Plaintiff merely alleges: "On multiple occasions in 2024, Plaintiff raised concerns about unequal
4  treatment, lack of support, and discriminatory conduct by supervisors and management, including
5  Stephanie La'Rue, Michelle Purugganan, Susan Spencer, Patricia Slater and Kathryn Mithcell."
6  (Compl. ¶ 11.) This is vague and conclusory, because it is unclear what happened and who was
7  involved in each incident. Moreover, the claims themselves are not sufficiently pled, and they
8  incorporate all preceding paragraphs, so the Court cannot easily ascertain which facts go to which
9  paragraphs. Thus, Plaintiff has failed to set forth "a short and plain statement of the claim
10 showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil
11 Procedure.
12     Accordingly, the Court concludes that the complaint is insufficient to satisfy Section 1915
13 review.

### III.     CONCLUSION

15 For the reasons set forth above, the allegations in Plaintiff's complaint are insufficient
16 under 28 U.S.C. § 1915(e)(2). Thus, Plaintiff must clearly provide the legal and factual basis for
17 all claims and must do so by filing an amended complaint by **December 19, 2025**. If Plaintiff
18 fails to file an amended complaint by that date, or the amended complaint fails to cure all defects,
19 the case will be reassigned to a district judge with the report and recommendation that either the
20 complaint be dismissed in whole or in part or the case be dismissed in its entirety.
21     In amending the complaint, Plaintiff may wish to contact the Federal Pro Bono Project's
22 Help Desk for assistance—a free service for pro se litigants—by calling (415) 782-8982 to make
23 an appointment. While the Help Desk does not provide legal representation, a licensed attorney
24 may assist Plaintiff in determining whether there are viable claims, and how to properly plead
25 them.
26     Plaintiff may also wish to consult a manual the court has adopted to assist pro se litigants
27 in presenting their case. This manual, and other free information for pro se litigants, is available

3

online at: https://cand.uscourts.gov/pro-se-litigants/.

   IT IS SO ORDERED.

Dated: November 13, 2025

                      _____
                      KANDIS A. WESTMORE
                      United States Magistrate Judge

4