UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

| | |
|---|---|
| KEYAIRRA A. MURRAY,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN GATE BRIDGE, HIGHWAY &<br>TRANSPORTATION,<br><br>Defendant. | Case No. 4:25-cv-08067-KAW<br><br>**ORDER DISCHARGING ORDER TO<br>SHOW CAUSE, ORDERING<br>PLAINTIFF TO FILE A SECOND<br>AMENDED COMPLAINT, AND<br>CONTINUING CASE MANAGEMENT<br>CONFERENCE**<br><br>Re: Dkt. No. 14 |

On September 23, 2025, Plaintiff filed this civil action and application to proceed in forma pauperis. On November 13, 2025, the Court granted Plaintiff's amended application to proceed in forma pauperis, but screened Plaintiff's complaint and found it deficient under 28 U.S.C. § 1915(e)(2). (Dkt. No. 8 at 3.) The Court ordered Plaintiff to file an amended complaint that provided the legal and factual basis for all claims. *Id.* Plaintiff did not timely file an amended complaint, so the Court issued an order to show cause on January 5, 2026. (Dkt. No. 13.)

On February 20, 2026, Plaintiff filed a response to the order to show cause and attached her first amended complaint. (Dkt. No. 14.) While the Court DISCHARGES the order to show cause, Plaintiff's first amended complaint was not signed, as required by Federal Rule of Civil Procedure 11(a).[1]

Additionally, while Plaintiff has included additional facts, the Court finds that Plaintiff's complaint remains deficient. For example, Plaintiff's "Factual Allegations" section leaves out facts surrounding the "unequal treatment and conduct she reasonably believed to be discriminatory" and what is presumed to be the basis of the EEOC Charge filed on May 17, 2024.

---

[1] Plaintiff is advised that Rule 11(a) also requires that every filing include the signer's address, e-mail address, and telephone number.

(First Am. Compl., "FAC," Dkt. No. 14 at 2 ¶¶ 12-13.)  Plaintiff also does not include the underlying facts regarding the substance of the vendor complaints filed, which she contends were adverse actions by her employer. (*See* FAC ¶¶ 14-16.)

Plaintiff also fails to specify which facts are alleged for each of the four causes of action. For example, the second cause of action is for race discrimination under Title VII, and Plaintiff incorporates all preceding paragraphs and merely states that "Defendant treated Plaintiff less favorably than non-Black employees in disciplinary enforcement and termination." (FAC ¶¶ 30-31.)  This is not enough to state a claim. Plaintiff needs to include facts to describe the difference in treatment and allege facts suggesting that non-Black employees were both similarly situated and treated more favorably.  Plaintiff is again advised that incorporation by reference is not sufficient to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" under Federal Rule of Civil Procedure 8, and that she must instead identify the specific facts alleged for each claim. *See Gibson v. City of Portland*, 165 F.4th 1265, 1288 (9th Cir. 2026) ("Incorporation by reference… when it is used indiscriminately, it becomes a shortcut [] that violates Rule 8.")

Accordingly, the Court finds that the allegations in the first amended complaint are insufficient under 28 U.S.C. § 1915(e)(2), and Plaintiff is ordered to file a second amended complaint by **April 30, 2026.**  If Plaintiff fails to file a second amended complaint by that date, or the amended complaint fails to cure all defects, the case will be reassigned to a district judge with the report and recommendation that either the complaint be dismissed in whole or in part or that the case be dismissed in its entirety.

The Court is not inclined to give Plaintiff another opportunity to amend, so Plaintiff is strongly encouraged to contact the Federal Pro Bono Project's Help Desk for a free appointment by calling (415) 782-8982.  While the Help Desk attorneys do not provide legal representation, they may advise regarding the sufficiency of a draft amended pleading. Plaintiff should take a copy of this order and her draft complaint to her appointment.

Finally, the Court continues the May 5, 2026 initial case management conference to August 11, 2026 at 1:30 p.m. via Zoom videoconference. The case management statements are

United States District Court
Northern District of California

2

due on or before August 4, 2026.

IT IS SO ORDERED.

Dated: March 24, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

3