UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEYAIRRA A. MURRAY,

Plaintiff,

v.

GOLDEN GATE BRIDGE, HIGHWAY & TRANSPORTATION,

Defendant.

Case No.  25-cv-08067-EMC

**ORDER ADOPTING REPORT AND RECOMMENDATION; AND DISMISSING CASE**

Docket No. 16

Plaintiff Keyairra A. Murray has sued her former employer – Golden Gate Bridge, Highway & Transportation – for race discrimination and retaliation.  Now pending before the Court is Judge Westmore's report and recommendation ("R&R").  Judge Westmore recommends that the case be dismissed for failure to prosecute.

Before addressing the R&R, the Court briefly reviews the procedural history of the case. Ms. Murray initiated this suit in September 2025.  *See* Docket No. 1 (complaint).  In November 2025, Judge Westmore, the then-assigned judge, granted Ms. Murray's application to proceed in forma pauperis.  However, pursuant to her review of the case under 28 U.S.C. § 1915, Judge Westmore dismissed the complaint, indicating that it did not comply with Federal Rule of Civil Procedure 8.  *See* Docket No. 8 (Order at 2-3) (noting that there were some vague and conclusory allegations).  Judge Westmore gave Ms. Murray leave to file an amended complaint by a specific date and warned her that failure to timely file an amended complaint or to cure all deficiencies in the amended complaint would result in a R&R that the pleading be dismissed in whole or in part. *See* Docket No. 8 (Order at 3).

/ / /

Ms. Murray did not file an amended complaint by the deadline specified.  Judge Westmore thus issued, in January 2026, an order to show cause ("OSC").  The OSC instructed Ms. Murray to show cause why her

> case should not be dismissed for failure to prosecute, and why she did not timely file the amended complaint. Additionally, Plaintiff shall file the amended complaint.  Failure to respond to the order to show cause and file the amended complaint by the deadline will result in the Court reassigning the case to a district judge with the recommendation that the case be dismissed.

Docket No. 13 (Order at 1).

Ms. Murray filed an untimely response to the OSC.  Although the response was not timely, Judge Westmore discharged the OSC and considered the first amended complaint submitted by Ms. Murray.  Judge Westmore found the amended pleading deficient because it was not signed and because it did not sufficiently identify the facts underlying the claims.  *See* Docket No. 15 (Order at 1-2).  Judge Westmore gave Ms. Murray leave to file a second amended complaint by a specific date.  She warned Ms. Murray that, if Ms. Murray failed to timely file the second amended complaint or failed to address all deficiencies, she would issue an R&R that the complaint be dismissed (either in whole or in part).  Judge Westmore also warned Ms. Murray that she was not inclined to give Ms. Murray another opportunity to amend.  *See* Docket No. 15 (Order at 2).

Ms. Murray did not file a second amended complaint by the deadline of April 30, 2026.  Accordingly, on June 18, 2026, Judge Westmore issued an R&R recommending that Ms. Murray's case be dismissed for failure to prosecute.  *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

/ / /

/ / /

2

Ms. Murray did not file an objection to Judge Westmore's R&R.  In addition, the Court finds the R&R thorough, well reasoned, and accurate.  The Court therefore **ADOPTS** the R&R in its recommendation to dismiss this case based on failure to prosecute.  The Court, however, dismisses without prejudice.  *See* Fed. R. Civ. P. 41(b) ("*Unless* the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits.") (emphasis added).

The Clerk of the Court is instructed to enter a final judgment in accordance with this order and close the file in the case.

**IT IS SO ORDERED**.

Dated: July 8, 2026

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

3